UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON C AMEDEE,<br><br>    Plaintiff,<br><br>v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-03356-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND DENYING DEFENDANTS' MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 9, 10, 11 & 27 |

Before the Court are Defendants'[1] motion to dismiss, Dkt. No. 9 ("MTD"), and partial motion to strike, Dkt. No. 10 ("MTS"), Plaintiff Jon C. Amedee's ("Plaintiff") complaint, Dkt. No. 1 at 12 ("Compl."). Defendants move to dismiss the complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) on the various grounds of res judicata, lack of standing, failure to state a claim, untimeliness, privilege, and preemption. Defendants also move to strike allegations in the complaint as improper under Federal Rule of Civil Procedure 12(f). Plaintiff has filed an opposition, Dkt. No. 24 ("Opp."), and Defendants have filed a reply, Dkt. No. 26 ("Reply").

Under Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78(b), these motions were deemed suitable for disposition without oral argument. The Court has carefully considered the parties' arguments in their briefs. For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES WITH PREJUDICE** this entire action. In light of that Order, the motion to strike is **DENIED WITHOUT PREJUDICE** as **MOOT**.

---

[1] "Defendants," as used herein, refers to Defendants CitiMortgage, Inc. ("CitiMortgage"), Five Star Service Corp. ("Five Star"), the Federal National Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS did not initially move with the other defendants, but subsequently filed a notice of joinder. Dkt. No. 27.

## I.     REQUEST FOR JUDICIAL NOTICE

The Court first addresses Defendants' request for judicial notice because, if warranted, it would add helpful structure to the factual allegations set forth in the complaint. *See* Dkt. No. 11 ("RJN").  Defendants seek to judicially notice several publicly-recorded financial instruments and notices involving the property at issue in this case, as well as court filings from a previous lawsuit involving the parties.  Although Defendants failed to cite any authority in support of their request, the Court considers the request in its discretion.  Plaintiff did not file an opposition.

The Court may take judicial notice of documents "not subject to reasonable dispute." Fed. R. Evid. 201(b).  Publicly-recorded real estate instruments, including deeds of trust, assignments, and substitutions of trustee, as well as default and foreclosure notices, are the proper subject of judicial notice, unless subject to reasonable dispute.  *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); *Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co.*, No. 09-0007, 2009 WL 656285, at **2-3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of various publicly recorded real estate instruments and notices that directly related to the parties' transactional history and claims).  Proceedings, including orders and filings, in other courts, including state courts, are also the proper subject of judicial notice when directly related to the case.  *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (internal citations omitted).

Although Plaintiff alleges that Defendants generally engaged in mortgage practices that included forgery, Compl. ¶ 20(j), he does not specifically allege that the real estate instruments at issue in this case are fabricated or otherwise contain inaccurate terms.  Accordingly, the Court takes judicial notice of them.  With respect to the court orders and filings, to the extent that they contain allegations by one of the parties, the Court will decline to take notice of those facts for the truth of the matters they assert.  *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1117, n.14 (9th Cir. 2005) (declining to take judicial notice of findings made in a state court proceeding "because [defendants were] offering the factual findings contained in the order for the purpose of proving the truth of the factual findings contained therein[ ]").  But to the extent that these court documents explain the procedural posture of the current case, including the nature of the orders entered by other courts in the underlying decisions, the Court takes judicial notice.  *See Tigueros*, 658 F.3d at

987 (taking judicial notice of court documents because they were "directly related" to the case).

## II.     BACKGROUND

### A.     Factual Allegations and Facts Subject to Judicial Notice

Plaintiff purchased a house in Oakland, California ("Property"), on September 22, 2003. Compl. ¶ 1; RJN, Ex. A.  To finance the purchase, Plaintiff borrowed $219,000 in principal from Wausau Mortgage Financial Corporation ("Wausau"), the predecessor-in-interest to CitiMortgage. *Id.*  In the publicly-recorded deed of trust that secured the loan, Wausau named Financial Title Company as its trustee and MERS as its nominee and beneficiary.  RJN, Ex. A.  The day after the purchase, MERS assigned its interest to CitiMortgage.  *Id.*, Ex. B; *see also* Compl. ¶ 9.

On July 20, 2006, Five Star, acting on behalf of CitiMortgage, sent Plaintiff a notice of default and non-judicial foreclosure regarding overdue payments on the loan.  RJN, Ex. C.  That notice of default was rescinded on November 7, 2006.  *Id.*, Ex. D.  Between November 2006 and August 2008, this pattern repeated itself three more times, *id.*, Exs. E-L, until May 6, 2009, when Plaintiff and CitiMortgage entered into an agreement to modify the terms of the loan, *id.*, Ex. M.

CitiMortgage sent Plaintiff a notice of default and non-judicial foreclosure with respect to the modified agreement on August 17, 2010.  *Id.*, Ex. N.  That same day, CitiMortgage substituted CR Title Services, Inc. ("CR Title") for MERS as trustee for the deed.  *Id.*, Ex. O.  On November 22, 2010, CR Title sent Plaintiff a notice that it intended to auction the Property.  *Id.*, Ex. P.  The Property was sold on December 13, 2010, and the deed assigned to Fannie Mae.  *Id.*, Exs. Q & R.

Plaintiff broadly alleges that Defendants "engaged in egregiously unfair and deceptive lending tactics" to coerce him into acquiring a "complicated, risky, and expensive loan" that was "destined to fail from inception."  *Id.* ¶ 14.  Defendants "misrepresented and/or concealed" that his mortgage was an adjustable rate mortgage, which Plaintiff alleges was engineered to dramatically increase his monthly payments.  *Id.* ¶ 18.  Specifically, Defendants emphasized a very low "teaser rate," while misrepresenting the steep monthly payments, increased interest rates, and risk of negative amortization, *id.* ¶ 20(c), induced Plaintiff to accept a loan with a principal balance that was far greater than the Property's current fair market value, *id.* ¶ 20(d), failed to disclose that the monthly payment would increase by 60 to 90% with a prepayment penalty provision of up to

3

115% *id.* ¶ 20(f), did not explain "technically intricate and mechanically complex elements of the contract," *id.* ¶ 20(g), engineered a systematic scheme whereby knowledgeable loan officers were removed from contact with Plaintiff that would allow him to make informed decisions, *id.* ¶ 20(h), charged excessive fees and prepared false financial statements, *id.* ¶ 20(i), fabricated, back-dated, and forged documents in bulk in "robo-signing" schemes, *id.* ¶ 20(j), coerced Plaintiff to sign documents without adequate time to review them, "mentally digest and weigh out the ramification and economic consequences of the contract," *id.* ¶ 20(l), concealed prepayment penalties, *id.* ¶ 20(m), and concealed monthly payment obligations and proposed interest payments, *id.* ¶ 20(n).

Plaintiff seeks an injunction restraining Defendants from engaging in systematic mortgage fraud, compensatory and punitive damages, penalties, and attorneys' fees and costs. *Id.*, Prayer.

### B.     The Prior Action

Plaintiff first filed a lawsuit against CitiMortgage on May 31, 2013, in California state court, alleging that it fraudulently failed to disclose that the loan modification agreement required greater monthly payments than indicated. RJN, Ex. S ("*Amedee I*"). Plaintiff asserted claims for fraudulent inducement of breach of contract, violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), fraud, conspiracy, violations of California's Homeowners Bill of Rights ("HBOR"), Cal. Civ. Code § 2923.5, *et seq.*, and violations of California's unfair competition law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"). *Id.*, Ex. S. ¶¶ 15-56.

Sometime thereafter, CitiMortgage removed that action to this court, where Plaintiff filed an amended complaint naming MERS and Morgan Stanley as additional defendants. *Id.*, Ex. T. Plaintiff also added claims for slander of title, alter ego liability, breach of contract, unjust enrichment, defamation, false light, and improper assignment, and sought to cancel the deed. *Id.*

The court dismissed the complaint in its entirety. *Id.*, Ex. U. It found that Plaintiff failed to allege facts sufficient to state UCL, bad faith, slander of title, breach of contract, defamation, false light, and cancellation claims, but gave leave to amend. *Id.* But it found that Plaintiff could never state a claim for alter ego liability, unjust enrichment, or violation of HBOR, and dismissed those claims with prejudice. *Id.* Plaintiff filed a second amended complaint on March 26, 2014, but this time omitted MERS and Morgan Stanley as defendants. *Id.*, Ex. V. The court again

1  dismissed the complaint, this time with prejudice as to all claims. *Id.*, Ex. W. Judgment was

2  entered in favor of CitiMortgage and against Plaintiff on August 13, 2014. *Id.*, Ex. X.

### C. The Present Action

Plaintiff filed the present action in California state court on April 20, 2015. Dkt. No. 1 ¶ 1. CitiMortgage, Five Star, and Fannie Mae again removed the case to this court. *See generally id.* Morgan Stanley and MERS were apparently never served with process in the underlying state action, *id.* ¶¶ 3-4, but MERS later appeared. Defendants move to dismiss and strike the complaint.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For the purposes of this analysis, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Moreover, a court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994). A court is not required, however, to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

## IV. DISCUSSION

Defendants move to dismiss Plaintiff's complaint on various grounds, but the Court need only address one—that this action is barred by the affirmative defense of res judicata. Defendants contend that, under California law, this district's dismissal with prejudice of the previous federal action, *Amedee I*, bars any further litigation of the claims in this matter. Mot. at 7. According to

them, apart from several new pages of allegations regarding fraud in the subprime mortgage industry generally, *Amedee I* involved the same legal and factual allegations about the same loan origination, modification, default, and foreclosure. *Id.* at 8. And Defendants argue that although Five Star and Fannie Mae were not parties to *Amedee I*, the claims against them are still barred.

Contrary to Defendants' assertion, federal, not California, law controls the inquiry because a federal court dismissed the previous action. *Alcarmen v. J.P. Morgan Chase Bank*, No. 13-CV-1575, 2014 WL 3368647, at *6 (N.D. Cal. Jul. 8, 2014) (citing Wright & Miller, 18B Fed. Prac. & Proc. Juris. §§ 4466, 4469 (2d ed. 2015))); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (applying federal law of res judicata without note). Federal law applies a transactional theory of claim preclusion that present three elements: (1) identity of claims; (2) a final judgment on the merits of the earlier claims, and (3) privity between the parties to the earlier and later proceedings. *Tahoe-Sierra*, 322 F.3d at 1077.

The Court finds that all three elements are satisfied in this case. First, claims are identical when they derive from the same transactional nucleus of facts, notwithstanding any "different legal labels" attached to the claims asserted. *Id.* at 1077–78. This includes any claims that "could have been brought" in the action, regardless of whether they "were actually pursued." *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). The same transactional nucleus of facts exists in this case as it did in the previous federal action. In both cases, Plaintiff alleges that Defendants committed fraud and otherwise acted improperly with respect to his loan origination, loan modification, default, and foreclosure on the same Property. The legal claims are identical. Accordingly, the Court finds that the claims between this and the earlier action are identical.

Second, a final judgment on the merits includes a dismissal with prejudice for failure to state a claim upon which relief can be granted. *See Alcarmen*, 2014 WL 3368647, at *8; *see also In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997) ("An involuntary dismissal generally acts as a judgment on the merits for the purposes of *res judicata*[.]"). Because *Amedee I* was resolved by a judgment in favor of CitiMortgage, following two sets of dismissals with prejudice for failure to state a claim upon which relief can be granted, RJN, Exs. U-X, this element is also satisfied.

Third, for purposes of res judicata, privity exists not only where the parties are identical,

6

1   but also where there is "substantial commonality of interest" between them.  *Tahoe-Sierra*, 322

2   F.3d at 1081.  Substantial commonality of interest exists where there is a "pre-existing substantive

3   legal relationship," such as an assignment of interest, *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008),

4   or where "a non-party succeed[s] to a party's interest in property," *In re Schimmels*, 127 F.3d at

5   881 (9th Cir. 1997).  "In the context of home foreclosures . . . subsequent trustees, assignees, or

6   assignors of a mortgage are in privity with one another."  *Sepehry-Fard v. Nationstar Mortg. LLC*,

7   No. 14-CV-03218, 2015 WL 332202, at *13 (N.D. Cal. Jan. 26, 2015); *see also Lee v. Thornburg*

8   *Mortg. Home Loans Inc.*, No. 14-CV-00602, 2014 WL 4953966, at *6 (N.D. Cal. Sept. 29, 2014)

9   (finding substituted trustee and servicers of mortgage loan in privity with original lender, nominee,

10  and trustee sued in prior lawsuit); *Apostol v. CitiMortgage, Inc.*, No. 13-CV-01983, 2013 WL

11  6328256, at *5 (N.D. Cal. Nov. 21, 2013) (assignee of deed of trust in privity with its assignor).

12         Privity exists between Defendants and the defendants in *Amedee I*.  CitiMortgage and

13  MERS were named in both cases and are "quite obviously in privity."  *See Tahoe-Sierra*, 322 F.3d

14  at 1081.  And although Five Star was not a defendant in *Amedee I*, that is no obstacle to a finding

15  of privity with CitiMortgage under the facts presented.  Given that Five Star was CitiMortgage's

16  mortgage servicing agent, they share a "substantial commonality of interest."  *See Lee*, 2014 WL

17  4953966, at *6 (privity exists between mortgage servicer and former holder of beneficial interest

18  in a deed of trust); RJN, Exs. C-L (notices of default and rescission served by Five Star on behalf

19  of CitiMortgage); Compl. ¶ 14 (alleging that Five Star was CitiMortgage's "affiliate").  Similarly,

20  because Fannie Mae succeeded to CitiMortgage's interest in the deed of trust for the Property, and

21  is sued on that basis alone, Fannie Mae is also in privity with CitiMortgage.  *See Apostol*, 2013

22  WL 6328256, at *5 (assignee of deed of trust in privity with its assignor); RJN, Exs. Q & R; *see*

23  *also In re Schimmels*, 127 F.3d at 881 (assignee of property interest in privity with its assignor).

24  Accordingly, the Court finds that Defendants are in privity with the defendants in *Amedee I*.

25         Having found each element of claim preclusion satisfied, the Court concludes that this

26  entire action is barred by the doctrine of res judicata.  Because there is no set of facts that could

27  alter that finding, the Court is compelled to dismiss this entire action with prejudice.

28  ///

**V.   CONCLUSION**

For the foregoing reasons, the Court hereby **GRANTS** Defendants' motion to dismiss and **DISMISSES WITH PREJUDICE** this entire action.  Defendants' motion to strike is **DENIED WITHOUT PREJUDICE** as **MOOT**.  Judgment shall be entered in Defendants' favor and against Plaintiff.  The Clerk of the Court is instructed to close the file.

**IT IS SO ORDERED.**

Dated: 3/18/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge